UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14002-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

v.

JULIUS ANDREW REASON, III,

NATASHIA THAMES and

VENTERIA LEANET REASON,

               Defendants.
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT JULIUS REASON'S
OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSR)
AND DEFENDANT VENTERIA REASON'S JOINDER (DE 196; DE 197)

      The United States of America, by and through the undersigned Assistant United States Attorney, files this Response to Defendant Julius Reason's Objections to the Presentence Investigation Report (PSR) (DE 196) and Defendant Venteria Reason's Joinder (DE 197).

1. Defendant has objected to paragraph 26 of the PSR, regarding the letters written from the jail in May 2011 to co-defendant Venteria Reason. These letters, in combination with other communications, are relevant to show a common pattern of co-defendant assisting the defendant during the drug conspiracy and carrying on the business while he is in jail. The defendant and co-defendant Venteria Reason is responsible for the approximately 58 g. of crack cocaine located in the storage unit, as those items were found with both of their belongings, and was laboratory tested positive for cocaine base.

2. The defendant has objected to paragraph 52 and 56 of the PSR, which classifies him as organizer and leader of the conspiracy. The defendant was the organizer and leader of the drug conspiracy that involved at least five individuals, including but not limited to two Chinese manufacturing companies, Venteria Reason, Natashia Thames and two unindicted coconspirators. This information will be proven to the Court by preponderance of the evidence.

3. The defendant objects to paragraph 42 of the PSR which details evidence that co-defendant Venteria Reason continued to operate the drug business after his arrest. The government will present evidence of a pattern that Venteria Reason assisted the defendant in his drug business before, during, and after his arrest dating back to 2011 and including 2016.

4. The defendant has objected to paragraph 61 and 62 of the PSR accounting for 500 to 1 ratio for both dibutylone and Ethylone, which have been proven by a preponderance of the evidence during 1/31 and 2/1/2017 hearings. The government will present evidence with regard to the amount of Ethylone and cocaine base during the hearing on February 27, 2017.

5. The Defendant objects to paragraph 63 of the PSR, claiming he did not possess the firearm as referenced in the offense conduct, see ¶ 21 of PSR. While it may be correct that said firearm was not found on the Defendant's person or directly under his seat, it was located in his vehicle, under the front passenger seat occupied by a member of his drug trafficking organization. The government will present evidence that defendant carried and or possessed firearm during and in furtherance of his drug trafficking and would secret contraband in his vehicle so the police would not find it. In addition, it was also foreseeable to both defendant and co-defendant Venteria Reason, that a member of his drug trafficking organization would be in possession of a firearm, so the Defendant would not have to touch the firearm.

6. The defendant has objected to paragraph 64 of the PSR, regarding leadership enhancement. The defendant has earned the adjustment for aggravated role and that offense should be increased by two levels.

7. The defendant objects to paragraph 68 and 72 of the PSR. The base offense and adjusted offense levels are correct in this case.

8. The defendant objects to paragraph 126 of the PSR, arguing that a sentence within the advisory guideline range is excessive and unwarranted. Both defendants have earned that sentence and could have faced a consecutive five year sentence for possession of a firearm during a drug trafficking offense, which the government chose not to pursue. Certainly a guideline range sentence will serve many of the factors set forth in 3553(a) and provides a sentence that is the interest of public safety.

WHEREFORE, the United States respectfully requests this Honorable Court deny the aforementioned objections and sentence the Defendants within the specified guidelines.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/Carmen M. Lineberger*
Carmen M. Lineberger, Court ID 5501180
Assistant United States Attorney
Carmen.Lineberger@usdoj.gov
United States Attorney's Office
101 South US Highway 1, Suite 3100
Fort Pierce, FL  34950
Telephone:  772-466-0899
Attorney for United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2017, I electronically filed the foregoing Government's Response to Defendant Julius Reason's Objections to the Presentence Investigation Report (PSR) (DE 196) and Defendant Venteria Reason's Joinder (DE 197) with the Clerk of the Court using CM/ECF.

*s/Carmen M. Lineberger*
Carmen M. Lineberger 5501180
Assistant United States Attorney